(75 South. 394)

LOUISVILLE & N. R. CO. v. KILBY CAR & FOUNDRY CO. (7 Div. 868.)

(Supreme Court of Alabama. April 26, 1917.)

CARRIERS ☞30—DEMURRAGE OR STORAGE—TARIFF FILED WITH INTERSTATE COMMERCE COMMISSION—CONSTRUCTION.

The Kilby Car & Foundry Company shipped to its own order its cars over plaintiff's railroad and that of a connecting carrier. The cars were not sold as anticipated and were left on the tracks of connecting carrier for some time, when they were ordered returned. On return plaintiff paid connecting carrier demurrage or storage charges, and now seeks to recover the same from defendant. Connecting carrier's tariff of storage charges filed with Interstate Commerce Commission provided that freight, except company material, received for delivery or held for forwarding directions, is stored in or on railroad premises, is subject to storage regulations, as follows: (a) For unloaded freight not removed within 48 hours; (b) carload freight placed on delivery tracks and subsequently unloaded is subject to demurrage rules while in cars and to storage rules after unloading; (c) for unloaded freight upon which free time allowed has expired while in cars; (d) for freight received if held more than 48 hours after receipt. Held, that the demurrage or storage charge advanced by plaintiff to connecting carrier could not be recovered from defendant, as the schedule filed was not applicable to demurrage or storage charges on cars standing on their own wheels on side tracks of connecting carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 81.]

Appeal from City Court of Anniston; Thomas W. Coleman, Jr., Judge.

Suit by the Louisville & Nashville Railroad Company against the Kilby Car & Foundry Company. Judgment for defendant, and plaintiff appeals. Transferred from Court of Appeals. Affirmed.

This is a suit by the appellant, Louisville & Nashville Railroad Company, against the Kilby Car & Foundry Company, to recover $785 for money paid by the plaintiff for the use of the defendant on the 14th day of November, 1913.

The appeal is from a judgment of the city court of Anniston on demurrer to the complaint and the defendant's plea to one count of the complaint, and is taken under the provisions of the act declaring the powers and jurisdiction of the city court of Anniston, which authorizes an appeal to be taken from a judgment on demurrer before the final judgment.

The amount claimed by plaintiff against defendant is for money paid by the plaintiff to the Apalachicola Northern Railway Company for demurrage or storage on ten flat cars, shipped by the defendant from Anniston, Ala., to its own order, to Port St. Joe, Fla., with the purpose on the part of the defendant to sell said cars to the Florida Timber Products Company at Port St. Joe.

The cars were not accepted by the Florida Timber Products Company, and were left by the defendant in charge and custody of the Apalachicola Northern Railway Company for a period of time varying from 78 to 79 days, and thereafter, by direction of the defendant, the cars were returned by said Apalachicola Northern Railway Company to the defendant at Anniston, Ala., and, in the course of transportation, the cars were delivered by the Apalachicola Northern Railway Company to the plaintiff, which was a connecting carrier, and the transportation from River Junction, Fla., to Anniston, Ala., was over the lines of the plaintiff. Upon the said cars being delivered to the plaintiff at River Junction, Fla., it paid to the Apalachicola Northern Railway Company its charges on said cars, including $785 demurrage or storage while the said cars were left in the custody of the said Apalachicola Northern Railway Company, and, upon the delivery of said cars to the defendant at Anniston, Ala., the defendant paid the freight charges, but declined to pay the storage or demurrage charges which had been advanced by the plaintiff to the said Apalachicola Northern Railway Company, on the ground that said Apalachicola Northern Railway Company was not authorized by its tariffs filed with and approved by the Interstate Commerce Commission to make a charge for storage or demurrage on the cars in question.

The complaint sets out the storage and demurrage rules of the Apalachicola Northern Railway Company as the same appear in its tariff filed with and approved by the Interstate Commerce Commission.

Some of the rules set out in count 3 of the complaint, deemed of importance here, are as follows:

Rule 1. *Storage.* Freight, except company material, received for delivery or held for forwarding directions, if stored in or on railroad premises, is subject to storage regulations, as follows:

Rule 2. Free time allowed:

Note 1. In computing time, Sundays and legal holidays (national, state and municipal) will be excluded. When a legal holiday falls on a Sunday, the following Monday will be excluded. The exemption of holidays does not include half holidays.

Note 2. The word "premises" used in these rules is construed to mean freight stations, platforms, and yard space.

Section A. Storage will be charged when freight unloaded in or on railroad premises is not removed by consignee within forty-eight hours (two days) from the first 7:00 a. m. after notice.

Section B. Carload freight placed on delivery tracks and subsequently unloaded in or on railroad premises is subject to demurrage rules while in cars and to storage rules after unloaded.

Section C. Freight upon which the free time allowed has expired while in cars, and is subsequently unloaded upon railroad premises, is subject to storage rules when unloaded, without free time allowance.

Section D. Freight received for shipment on railroad premises is subject to storage charges if held more than forty-eight hours (two days) from first 7:00 a. m. after receipt, to complete a shipment or for forwarding directions.

Section E. Shipments of less than carload freight, if delivered from cars, are subject to storage rules, but carload freight when held in cars is subject to demurrage rules.

Section F. Shipments held for reconsignment will be allowed twenty-four hours' (one day) free time from first 7:00 a. m. after notice.

Count 4 of the complaint is the same as count 3, with the addition of the averment that the cars were railroad cars, were transported on their own wheels, and, during the time for which storage was charged, were stored in the yard space of said Apalachicola Northern Railway Company, to wit, on one of its side tracks, on their own wheels, and that said cars were subject to a charge for storage under the rules set out.

The defendant demurred to the fourth count of the complaint, assigning the following grounds:

First. Said count fails to show that said Apalachicola Northern Railway Company was authorized to charge defendant for or collect from plaintiff on account of said storage of said cars. Transcript, p. 19.

Defendant files a plea to the third count of the complaint, as follows:

First. For answer to the third count of the complaint as amended by the plaintiff on the 10th day of November, 1916, the defendant pleads thereto and says that the cars for which storage is charged were transported on their own wheels, and during the time for which storage is charged were on the side tracks of said Apalachicola Northern Railroad Company on their own wheels, and defendant avers that they were not included in any rule set out in said amended count.

To this plea the plaintiff demurred on the following grounds:

(1) For that the facts set out in said plea are no answer to the third count of the complaint as amended.

(2) For that it does not appear that the fact that the said cars were transported on their own wheels, and during the time for which storage is charged were on the side tracks of the said Apalachicola Northern Railroad Company on their own wheels, relieves the defendant of liability for storage charges under the tariff of the said Apalachicola Northern Railway Company, as shown by count three of the complaint as amended.

(3) For that the said plea does not traverse nor does it confess or avoid count 3 of the complaint, nor does it set up an estoppel. Transcript, p. 20.

The court sustained the demurrer to count 4 of the complaint, and overruled the plaintiff's demurrer to the defendant's plea No.

1 to the third count of the complaint (Transcript, p. 20), and this ruling presents the questions assigned as error on this appeal.

Knox, Acker, Dixon & Sterne, of Anniston, for appellant. Blackwell, Agee & Bibb, of Anniston, for appellee.

GARDNER, J. The foregoing statement of the case suffices for a general outline of the issue presented and determined. As we understand briefs of counsel for the respective parties, the sole question on this appeal is whether or not the Apalachicola Northern Railway Company had filed with the Interstate Commerce Commission a tariff of its charges which governed or authorized storage charges on the ten flat cars which had been shipped to the Florida Timber Products Company, and which were left by the said railroad on its side tracks on their own wheels for a period of from 70 to 80 days before appellee ordered their return to Anniston.

It is not controverted by appellant's counsel that, before these storage charges may be collected by appellant against appellee, it must be made to appear that the tariff was filed by the said Apalachicola Northern Railway Company with the Interstate Commerce Commission authorizing the same. Goldenberg v. Clyde Steamship Co., 20 Interst. Com. R. 527; Memphis Freight Bureau v. Kansas City So. Ry. Co., 17 Interst. Com. R. 90; Central of Ga. Ry. Co. v. Patterson, 6 Ala. App. 494, 60 South. 465.

It is the insistence herein of appellant that storage charges here involved are provided for by rule 1, above set out as a part of count 4 of the complaint, and which rule was included in the tariff duly filed, as follows:

Rule 1. *Storage.* Freight, except company material, received for delivery or held for forwarding directions, if stored in or on railroad premises, is subject to storage regulations as follows: (Then follows sections A, B, C, D, and E as shown in the statement of the case, and which need not be here repeated.)

These sections disclose that they are a very material and essential part of the rule itself, and it is clear that they are so essential and so intimately connected as a part of the rule that no charge for storage can legally be exacted unless the particular service is included in some one or more of these provisions. Upon a careful examination thereof, we are of the opinion that the provisions in the section can only be reasonably applied to freight transported in cars of the railroad carrier, and cannot be reasonably applied to cars transported as freight on their own wheels. The term "storage" used in said section is applicable to unloaded freight, and our conclusion is also that the expression "unloaded freight" was intended to embrace freight that is unloaded in the usual and ordinary way, such as is subject to demurrage while in the cars of the carrier and to storage after removal from the cars. Such condition could

not, of course, exist as to the cars in question transported on their own wheels, and we think it evident that the only charge for storage of freight intended by these rules was a charge for freight transported in cars of the carrier.

It may be the carrier intended to include within the tariff on file charges for storage of freight of this character, and that the omission was an oversight. However this may be, we think it would require the very greatest liberality of construction, indeed a strained construction, to hold that the expression used included freight of character here involved. We conclude that the rule as to storage did not include freight of this particular character by any fair intendment, and that the ruling of the court was therefore free from error, and is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.